Columbus | Cincinnati | Cleveland | New Jersey | New York    

**Javier L. Merino, Esq.***

| | | |
|---|---|---|
| 201-355-3440 | JMerino@DannLaw.com | 216-373-0536 |
| Direct Telephone | Email | Fax |

June 2, 2023

<u>Via ECF</u>
The Honorable Julien Xavier Neals
United States District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:   *In re: BetMGM Data Breach Litigation*, Case No. 2:22-cv-07462-JXN-CLW
       Opposition to Request for Pre-Motion Conference

Dear Judge Neals:

We are co-counsel for Plaintiff Scott Madlinger ("Madlinger") and the putative classes in the above-referenced matter against Defendant BetMGM, LLC ("Defendant"). In accordance with the Court's Judicial Preferences and the May 30, 2023 Text Order (Dkt. 24), Plaintiff submits this letter in opposition to Defendant's request for a pre-motion conference concerning its anticipated motion to dismiss and motion to strike class allegations.

## Background

Plaintiff is a past customer of Defendant, who provided, entrusted, or allowed Defendant to maintain sensitive and confidential information in order to use Defendant's services. Due to Defendant's failure to safeguard this information, in May 2022, Plaintiff's information was compromised in a data beach. He is among a total of approximately 1.5 million other past and current customers whose personal data was compromised. Defendant failed to recognize the existence of this breach until November 28, 2022 and waited until December 21, 2022 to notify its customers. The compromised data included name, contact information (such as postal address, email address and telephone number), date of birth, hashed Social Security number, account identifiers (such as player ID and screen name) and information related to their transactions was compromised (collectively, the "PII").

Madlinger is among a group of approximately 90,000 individuals whose information was compromised in the data breach but who were never subject to an arbitration agreement with the Defendant. Madlinger filed this action seeking a Rule 23(b)(2) class on behalf of all affected BetMGM customers and a Rule 23(b)(3) subclass on behalf of all customers who had not agreed to an arbitration clause.

**Plaintiff Has Standing to Bring this Lawsuit**: Intangible harms are sufficiently "concrete" to establish an injury-in-fact where they share a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). An unauthorized "disclosure of private information" is among these harms. *Id.*; *Morales v. Healthcare Revenue Recovery Grp., LLC*, 859 F. App'x 625, 628 (3d Cir. 2021) ("Disclosing 'personal information' is a concrete injury."). "[A] plaintiff suing for damages can satisfy concreteness as long as he alleges that the exposure to that substantial risk caused additional, currently felt concrete harms." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 156 (3d Cir. 2022). Here, Mr. Madlinger pleads that an unauthorized third party accessed his PII and specifically pleads the type of PII which was accessed. Madlinger. *See* Dkt. 19 at ¶¶ 27-28. Madlinger "need not additionally demonstrate misuse resulting in economic harm." *In re Am. Med. Collection Agency Customer Data Sec. Breach Litig.*, Civil Action No. 19-md-2904, 2021 U.S. Dist. LEXIS 240360, at *43 (D.N.J. Dec. 16, 2021). A party's unauthorized access to data containing sensitive information is sufficient to confer standing. *Salas v. Acuity-CHS, LLC*, Civil Action No. 22-317-RGA, 2023 U.S. Dist. LEXIS 54825, at *14 (D. Del. Mar. 30, 2023).

**Plaintiff Sufficiently States a Claim for Negligence**: Here, Plaintiff has adequately alleged that the hackers accessed his PII, which has resulted in either tangible or intangible harm. This is sufficient to satisfy the damages prong of his negligence claim at this stage. *In re Am. Med. Collection Agency Customer Data Sec. Breach Litig.*, 2021 U.S. Dist. LEXIS 240360, at *62. Defendant argues that the economic loss rule bars Plaintiff's negligence claim based upon economic injury alone. However, this doctrine does not bar Plaintiff's claims because Plaintiff is part of an "identifiable class that the Defendant should have reasonable foreseen was likely to be injured by the defendant's conduct." *Id.* at *62 n.29. Otherwise, whether Section 5 of the FTC Act is a predicate for a New Jersey negligence per se claim is best decided at the summary judgment state or pre-trial motion practice. *See In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 532 (M.D. Pa. 2021).

**Plaintiff Sufficiently States a Claim for Breach of Implied Contract**: In Plaintiff's Complaint, Plaintiff cites to BetMGM's Privacy Policy wherein Defendant claimed to be committed to protecting his data. *See* Dkt. 19 at ¶ 6. He further plead that by obtaining, maintaining, collecting, using, and deriving a benefit from the PII of Plaintiff and Class Members, Defendant assumed legal and equitable duties to those individuals to protect and safeguard that information from unauthorized access and intrusion. These are sufficient to create an implied contract between the parties, independent of the express agreement. *See Rudolph v. Hudson's Bay Co.*, No. 18-cv-8472 (PKC), 2019 U.S. Dist. LEXIS 77665, at *31 (S.D.N.Y. May 7, 2019)

**Plaintiff is Entitled to Prospective Relief**: "Where there is 'some overlap' between plaintiffs' declaratory judgment claim and other substantive claims, courts may refuse to dismiss the declaratory judgment claim if the plaintiffs' 'remaining claims have not been fully developed . . . [and] the Court

cannot fully evaluate the extent of the overlap to determine whether declaratory judgment would serve [any] useful purpose in clarifying the legal rights and relationships at issue.'" *Baker v. Deutschland GmbH*, 240 F. Supp. 3d 341, 350 (M.D. Pa. 2016). Here, Madlinger seeks a declaration that Defendant possesses a legal duty to secure the PII of past and current customers, that Defendant continues to breach this duty, and that Defendant's ongoing breaches continue to cause harm to Plaintiff and the Class. Since the sought declaration overlaps with the rest of the complaint, whether the court will issue such a declaration will depend on the outcome of Plaintiff's substantive claims. Thus, dismissal of the DJA claim at this stage would be premature. *Simona Opris v. Sincera Reprod. Med.*, No. 21-3072, 2022 U.S. Dist. LEXIS 94192, at *36 (E.D. Pa. May 23, 2022).

**The Court Should Permit Plaintiff to Amend his Complaint to Name New Jersey Choice of Law Subclass**: As noted above, Plaintiff pled a Rule 23(b)(2) class on behalf of the entire Nationwide Class and a Rule 23(b)(3) damages class on behalf of the subclass consisting of those who did not agree to an arbitration clause. Only recently has Plaintiff learned that an unknown number of Class members' agreements contain New Jersey choice-of-law provisions, including those of Shen Bei, who was a plaintiff in one of the actions consolidated with the instant case, but whose claims were not included in the consolidated complaint  These agreements further contain provisions which include (1) a bellwether provision requiring arbitrations to be coordinated at 25 members at a time; (2) a provision limiting damages to actual out-of-pocket costs incurred and prohibiting other damages; (3) a provision waiving injunctive and equitable relief; (4) a prohibition on contacting state regulators before attempting to resolve their disputes directly with Defendant; (5) a requirement for members to submit complaints "as soon as is reasonably practicable following the date of the original transaction to which the claim…refers." The New Jersey Appellate Division recently issued a published decision finding similar provisions in Verizon's arbitration agreement to be unconscionable and, thus, unenforceable. *Achey v. Cellco P'ship*, No. A-3639-21, 2023 N.J. Super. LEXIS 45 (App. Div. May 1, 2023)). Plaintiff seeks to amend his complaint to: (1) name Shen Bei as a co-Plaintiff alongside Mr. Madlinger; (2) propose Shen Bei represent the nationwide class; and (3) identify a subclass of individuals with NJ choice-of-law provisions (or no choice-of-law provisions at all) of whom Shen Bei would represent as well. Acting diligently and reasonably after learning this new information, Plaintiff now believes Defendant's agreements are unenforceable, and as such, claims on behalf of BetMGM customers to which NJ law would apply should proceed in litigation as a class. Plaintiff sought Defendant's consent for leave to amend his complaint to incorporate the above. Defendant declined to consent but requested that the Parties discuss this issue during the conference with the Court. It is, therefore, Plaintiff's intention to amend as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) after Defendant's motion to dismiss has been filed. *See In re Sunrise Senior Living, Inc. Derivative Litig.*, 550 F. Supp. 2d 1, 4-5 (D.D.C. 2008*)*; *In re Guidant Corp. S'holders Derivative Litig.*, No. 1:03-cv-0955-SEB-WTL, 2005 U.S. Dist. LEXIS 45701, at *5 (S.D. Ind. Dec. 22, 2005) (holding that plaintiffs are entitled to amend Consolidated Complaint once as a matter of course).

*June 2, 2023*
*Page 4*

Respectfully submitted,

THE DANN LAW FIRM

/s/ Javier L. Merino
Javier L. Merino, Esq.


Cc:     All Counsel of Record (via ECF)