# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: BETMGM DATA BREACH LITIGATION | Civil Action No. 2:22-cv-07462-JXN-CLW |

## OFFER OF JUDGMENT PURSUANT TO RULE 68 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TO PLAINTIFF SCOTT MADLINGER AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant BetMGM, LLC extends this offer to allow Plaintiff Scott Madlinger to take a judgment against Defendant on an individual basis in the amount of $10,000, which is the total amount that Defendant shall be obligated to pay on account of any liability claimed in this litigation, including any liability for damages, costs of this action, interest, filing fees, attorneys' fees, and monetary or equitable relief of any kind (the "Offer of Judgment"). The terms of this Offer of Judgment are set forth below.

## RECITALS

WHEREAS, this consolidated lawsuit was originally filed on December 22, 2022, and purported to bring claims on behalf of a putative nationwide class of persons potentially affected by a data incident that occurred in May 2022;

1

WHEREAS, the vast majority of individuals—four of the five named plaintiffs who filed these consolidated cases—agreed to arbitration through Defendant's Terms of Service;

WHEREAS, on April 10, 2024, the Hon. Cathy L. Waldor issued an order that enforced Defendant's arbitration provision and compelled one of the named plaintiffs, Shen Bei, to arbitration (ECF No. 49);

WHEREAS, the only remaining plaintiff is Mr. Madlinger—a serial litigant who has filed over 70 lawsuits in New Jersey, and who is one of the few individuals not subject to mandatory individual arbitration because he is not an active BetMGM user and signed up more than 10 years ago for a legacy platform that BetMGM now operates;

WHEREAS, there is no evidence that Mr. Madlinger suffered any identity theft nor that any of his personal identifiable information was exposed as a result of the data incident;

WHEREAS, any claim by Mr. Madlinger that any instance of identity theft is traceable to the data incident is facially implausible for the additional reason that the personally identifiable information he alleges is at issue in this action had already been exposed in other third-party data breaches that predated the BetMGM data incident;

WHEREAS, on November 20, 2024, Judge Waldor issued a Report and

Recommendation that recommended dismissal all of Mr. Madlinger's claims, with the exception of his negligence claim (ECF No. 62);

WHEREAS, the Report recommended against dismissal of the negligence claim solely based on Mr. Madlinger's assertions that he "may" have "actual damages" insofar as he "averred tax fraud" (*id*. at 6);

WHEREAS, although Defendant vigorously disputes Mr. Madlinger's allegations and is confident that Mr. Madlinger will not be able to prevail on his sole remaining claim, prove that he actually experienced "actual damages," or certify a class, Defendant extends this Offer of Judgment to obtain final judgment and avoid the disproportionate expenses, burdens, and distractions of continued litigation (both for the Court and for Defendant) over Mr. Madlinger's claim, and without admitting to any fault, wrongdoing, liability, or damage of any kind; and

WHEREAS, Defendant remains confident in all of its defenses to Mr. Madlinger's claims, and disputes that he would be entitled to any relief, or that he could represent any class of current or former BetMGM patrons who are not subject to arbitration.

## **OFFER OF JUDGMENT**

NOW, THEREFORE, Defendant makes this Offer of Judgment on the following terms and conditions.

1. The terms of this Offer of Judgment may not be altered by Mr. Madlinger and must be accepted in full.

2. If Mr. Madlinger does not serve written notice of acceptance of this Offer of Judgment within fourteen (14) days following service of this Offer of Judgment, it shall be deemed rejected. If Mr. Madlinger does not accept this Offer of Judgment and does not obtain a more favorable judgment against Defendant, Mr. Madlinger shall pay all costs of Defendant incurred after the date this Offer of Judgment was served on Mr. Madlinger.

3. If Mr. Madlinger accepts this Offer of Judgment, Defendant will submit the Offer of Judgment and notice of acceptance to the Court and request a judgment on the Mr. Madlinger's claims in this action in the total amount provided above, and with no further remedies of any kind, including for damages, costs, interest, filing fees, attorneys' fees, or other monetary or equitable relief of any kind. Aside from precluding any further litigation between Mr. Madlinger and Defendant on the claims presented, such judgment shall not have preclusive effect as to any of the issues presented and such judgment shall not be deemed an adjudication on the merits or actual litigation of any of the issues presented.

4. By accepting this Offer of Judgment, Mr. Madlinger completely releases and discharges Defendant—including any individual, entity, or attorney affiliated in any way with Defendant, including any parent, subsidiary, employee,

member, and affiliate—from any and all liability arising from the acts, omissions, events, or occurrences alleged or litigated in this litigation, including but not limited to any and all claims that Mr. Madlinger has asserted or could have asserted against Defendant based on Mr. Madlinger's allegations in this litigation.

5. In making this Offer of Judgment, Defendant does not admit any liability or wrongdoing to Mr. Madlinger and, in fact, denies any liability or wrongdoing.  This Offer of Judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed either as an admission that Defendant is liable in this action or that Mr. Madlinger has suffered any damage or is entitled to any remedy.  Rather, this Offer of Judgment is intended to fully resolve the parties' dispute and avoid the further costs of litigation.  This Offer of Judgment shall not preclude Defendant from asserting any defense against Mr. Madlinger's claims if the Offer of Judgment is rejected.

DATED: February 5, 2025           GIBSON, DUNN & CRUTCHER LLP

By: <u>*/s/ Seton H. O'Brien*</u>
     SETON H. O'BRIEN

Seton H. O'Brien (NJ #247732017)
Stephanie L. Silvano (NJ #168182016)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.:    212.351.4000
Fax:    212.351.4035
sobrien@gibsondunn.com
ssilvano@gibsondunn.com

Christopher Chorba (*pro hac vice*)
Jeremy S. Smith (*pro hac vice*)
Wesley Sze (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel.:    213.229.7000
Fax:    213.229.7520
cchorba@gibsondunn.com
jssmith@gibsondunn.com
wsze@gibsondunn.com

*Attorneys for Defendant BetMGM, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2025, I electronically filed the attached Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure by using the Court's CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system.

*/s/ Seton Hartnett O'Brien*
SETON HARTNETT O'BRIEN